## ZEEK et v CECERE

Ohio Appeals, 1st Dist, Butler Co

No 529. Decided March 10, 1932

W. C. Shepherd, Hamilton, for plaintiffs.
M. O. Burns, Hamilton, for defendant.

HAMILTON, J.

This paper, defendant claims was a separate contract and not a part of the agree-

ment of exchange. We are of opinion that this memorandum must be considered a part of the agreement for exchange. This conclusion is arrived at from the fact that this paper marked "Additional Agreement," in which Cecere agrees to remodel the garage into a four room dwelling house provides no consideration or compensation therefor.

The agreement for the exchange of the properties provides for assumption of indebtedness by Zeek of a mortgage of $5500.00 on the Hamilton property. It is testified to by both parties that at the time the mortgage indebtedness was $4900.00. That it was considered that $600.00 would be the price for remodeling the garage into a four room dwelling house, and that the defendant Cecere should have a subsequent or second mortgage of $600, as security for the payment of this cost.

The "Additional Agreement" refers to the original contract by reciting that Charles Cecere "a party to the contract with George W. Zeek and Eunice Zeek, under date of January 18th." The execution and delivery of the "Additional Agreement" was on January 25, 1930, and on the same day Mrs. Zeek signed and delivered the deed for their farm to the defendant, Cecere.

It is, therefore, quite clear that the designated "Additional Agreement" was a part of the original agreement and there was but one agreement. Defendant was, therefore, as a part of the agreement of exchange, required to remodel the garage into a four room dwelling house. However, the only reason advanced to show a failure of consideration is that the four room dwelling house as constructed is contrary to the building code of the City of Hamilton. Does that fact warrant the relief asked for by the plaintiffs' in their petition? It is clearly shown the amount involved was the sum of $600. The properties to be exchanged as shown by the mortgages thereon were each of the value of several thousands of dollars. While the building was being remodeled, the Zeeks were there many times, supervising the construction and offering suggestions. Both parties are presumed to know the law. If both parties overlooked the fact that a permit from the City was necessary, and that they must comply with the Building Code, this would constitute a mistake of law, and would not constitute such mistake as would require setting aside the contract.

The evidence is that there is a mortgage on the city property at the present time of but $4900.00. If plaintiff were not required to pay the $600.00, there is no failure of consideration whatever.

It is in the evidence that Cecere has placed a mechanic's lien on the property for work and material furnished. If the plaintiffs are injured by any failure on the part of the defendant to perform an inferential duty in procuring the permit, and had constructed the building contrary to law, he could not recover for the performance of that work, and plaintiffs would suffer no loss of consideration.

If the plaintiffs are correct in their position here, they would be able to maintain successfully an action to cancel the mechanic's lien of the defendant, if such there was. If the defendant should attempt to enforce the lien or bring an action for the money expended in the remodeling of the garage, the plaintiffs could defend against liability.

It might seem that this discussion indicates the court's view that the "Additional Agreement" was a separate agreement concerning the garage building. We are only referring to the matter in this manner to show that the partial failure of consideration, if such there was, is of such small concern that it could not be successfully maintained as a failure of consideration, requiring the cancellation of the contract.

It requires no citation of authority to support the proposition that a slight failure of consideration is not such a failure as will justify a cancellation of a contract and deed, on the ground of failure of consideration or inadequate consideration.

The evidence, therefore, does not justify the granting of the relief asked in the petition, and the same will be denied and the petition dismissed.

ROSS, PJ, and CUSHING, J, concur.