[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 352.]

REILLEY, APPELLEE, *v*. RICHARDS, APPELLANT.

[Cite as *Reilley v. Richards*, 1994-Ohio-528.]

*Contracts—Real property—Rescission of real estate purchase contract proper, when.*

(No. 92-2346—Submitted January 4, 1994—Decided May 25, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 91AP-1446.

———————————

{¶ 1} Defendant-appellant, David Richards, made a counterclaim to rescind a real estate purchase contract on the basis that he had not been informed, before closing, that a significant portion of the property was located in a floodplain. Appellant had intended to build his family home on the property, which was located at the end of a cul-de-sac. The court, after a bench trial, rendered judgment for appellant on his rescission claim on the basis of mutual mistake. The trial court found that the location of a significant portion of the property within a floodplain severely limited the appellant's ability to construct a residence on the property. The court of appeals reversed the decision of the trial court to rescind the contract on the ground that appellant had not proved the land was unbuildable and that appellant could have discovered that the property was in the floodplain before closing if he had hired engineers. The court of appeals found that the trial court's judgment was unsupported by the evidence.

{¶ 2} This cause is now before this court upon an allowance of a motion to certify the record.

———————————

*Brett Jaffe* and *Jeffrey D. Fish*, for appellee.

*Chester, Hoffman, Wilcox & Saxbe* and *John J. Chester*; *Crabbe, Brown, Jones, Potts & Schmidt*, *John P. Kennedy* and *Jill T. Fleishman*, for appellant.

**FRANCIS E. SWEENEY, SR., J.**

{¶ 3} The issue presented to this court is whether rescission of a real estate purchase contract is proper when there was a mutual mistake as to the character of the real estate that was material to the contract and where the complaining party was not negligent in failing to discover the mistake. For the following reasons, we answer "yes" and, accordingly, reverse the judgment of the court of appeals.

{¶ 4} This court recognizes the doctrine of mutual mistake as a ground for the rescission of a contract under certain circumstances. In *Irwin v. Wilson* (1887), 45 Ohio St. 426, 15 N.E. 209, we held that a buyer is entitled to rescission of a real estate purchase contract where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake. A mistake is material to a contract when it is "a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances." 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1). Thus, the intention of the parties must have been frustrated by the mutual mistake.

{¶ 5} If the judgment of the trial court is supported by some competent, credible evidence, going to the essential elements of the case, the judgment will not be reversed unless it is against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 6} In the present case, the judgment of the trial court was supported by competent, credible evidence going to the elements of the case. The evidence shows that appellant had intended to build his family home on the property, which was located at the end of a cul-de-sac with a stream bordering it on the southwest. The parties signed a real estate purchase contract on July 28, 1988. Subsequent to closing, appellant discovered that a portion of the property lies in a flood hazard area designated by the Federal Emergency Management Agency. Both parties

2

testified that, at the time of contracting, they were unaware that the property was in a floodplain. Paul Willis, the Dublin City Engineer, testified that it is illegal to build or place any fill in the floodway or within twenty feet of the boundaries of the floodway, defined by Dublin ordinance. While building might be permitted elsewhere in the flood hazard area, permission depends upon the nature of the development and the impact it would have on the stream. In addition, David Norman, a professional engineer, testified that more than half of the property is in the flood hazard zone.

{¶ 7} Further, Michael Kennedy, the builder who was to build appellant's residence, testified that, having seen the drawings showing where the floodplain and flood hazard zone are on the lot, he would not want to build on the lot because he could not warrant the property for one year, as is standard building practice.

{¶ 8} Based upon the above, we find that the lack of knowledge that a significant portion of the lot is located in a floodway is a mistake of fact of both parties that goes to the character of the property such that it severely frustrates the appellant's ability to build a home on the property. Thus, it is a mutual mistake that is material to the subject matter of the contract. Therefore, the trial court's finding that the mutual mistake was material to the subject matter of the contract was supported by competent, credible evidence and, accordingly, was not against the manifest weight of the evidence.

{¶ 9} Additionally, while appellant did have an escape clause in his first contract with appellee allowing him "sixty days from acceptance of this contract to satisfy himself that all soil, engineering, utility and other site related considerations are acceptable," this inspection provision does not mean that appellant assumed a duty to discover the floodplain, the violation of which precludes rescission of the contract. Appellant was a lawyer but he had no experience in real estate law and, thus, was an unsophisticated party at the time of the transaction. Appellant did have his builder inspect the property but he did not discover, and could not have

discovered, the floodplain by looking at the property. The court of appeals wrongly concluded that appellant's failure to hire engineers to discover the floodplain within the sixty days constituted negligence. We agree with the trial court that appellant, an unsophisticated buyer, was not negligent in failing to discover that the lot was in a designated floodplain.

{¶ 10} Accordingly, we conclude that rescission of the contract is proper, as a mutual mistake existed as to the character of the property which is material to the subject matter of the contract and the appellant was not negligent in failing to discover the mistake.

*Judgment reversed.*

DOUGLAS, WRIGHT and RESNICK, JJ., concur.

MOYER, C.J., A.W. SWEENEY and BRYANT, JJ., dissent.

BRYANT, J., dissents with opinion.

THOMAS F. BRYANT, J., of the Third Appellate District, sitting for PFEIFER, J.

––––––––––––––––

**THOMAS F. BRYANT, J., dissenting.**

{¶ 11} For the reasons stated below, I respectfully dissent.

{¶ 12} I am convinced that the majority has misstated the issue before us and consequently has misapplied to the facts of this case the rule of law the court adopts. I agree that rescission of a real estate contract is proper when the parties mutually mistake the character of the real estate subject to the contract and the complaining party was not negligent in failing to discover the mistake. I do not believe that in the case before us the record discloses that the claimed mistake is mutual, that the mistake is one of fact, or that the complaining party is free of negligence in the failure to timely discover the character of the land.

{¶ 13} If appellant purchased the real estate for a special purpose, that purpose must have been disclosed; otherwise, it is not part of the bargain. The

standard for rescission in cases of mutual mistake is set forth in 1 Restatement of the Law 2d, Contracts (1981) 385, Section 152(1), which provides:

"(1) Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake under the rule stated in § 154."

{¶ 14} Section 154 sets forth the circumstances under which a party bears the risk of a mistake:

" A party bears the risk of a mistake when

"(a) the risk is allocated to him by agreement of the parties, or

"(b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or

"(c) the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so."

{¶ 15} Courts of appeals in Ohio have recognized this standard for rescission based on mutual mistake. See *Moore v. Nichol* (Oct. 30, 1991), Summit App. No. 15062, unreported; *Ptacek v. Wammes* (Feb. 6, 1987), Sandusky App. No. S-86-20, unreported; and *Henderson v. Asebrook* (May 9, 1983), Clark App. No. 1735, unreported. The court below also correctly applied this section of the Restatement to the facts of this case.

{¶ 16} Appellant independently came to the conclusion that he could not build a particular house on the lot. Appellant testified that he had not applied for a building or development permit because he did not want to pay the administrative costs of doing so. The majority even recognizes that a building might be permitted elsewhere on the subject lot. Since there has been no showing that a building could not be constructed on the lot, I do not believe there has been any mutual mistake as to a material fact.

**{¶ 17}** I agree with the court of appeals that the only mistake here is one of law, not fact. A mistake of law is not grounds for rescission or cancellation. *Zeek v. Cecere* (App. 1932), 12 Ohio Law Abs. 636.

**{¶ 18}** I am also troubled by the majority's holding that appellant, a lawyer, has no obligation to use all his knowledge if the matter at issue is not within his area of practice. This holding does nothing to enhance the professional reputation of lawyers. The appellant in this case was not unsophisticated simply because he has no experience in real estate law. This court has always considered licensed lawyers to be competent enough to know those things which lawyers are required to know. *State v. Lytle* (1976), 48 Ohio St.2d 391, 397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated as to death penalty only (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154, (citing *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 2909 N.E. 2d 164, and *State v. Williams* (1969), 19 Ohio App.2d 234, 48 O.O.2d 364, 250 N.E.2d 907. An applicant's knowledge of the law of real property is tested on the Ohio bar examination; accordingly, attorneys are presumed to know the law applicable to real estate. Ordinary citizens are not excused for their failure to know the law applicable to such matters and attorneys certainly should not be so excused.

**{¶ 19}** I also disagree with the majority's conclusion, as I believe the appellant assumed the risk of the property being situated in the floodplain since he drafted a contract containing a sixty-day escape clause to satisfy himself that "all soil, engineering, utility and other site related considerations" were acceptable. Having voiced no objection within the sixty-day time period, appellant has waived any such objection.

MOYER, C.J., and A.W. SWEENEY, J., concurs in the foregoing dissenting opinion.

_____