Plaintiff-Appellant, Technical Construction Specialties, Inc. ("Nufloor") has appealed from a judgment of the Medina County Common Pleas Court in favor of Defendants-Appellees, Melvin Gerspacher and Gerspacher Companies. We reverse.
 On September 16, 1993, Nufloor submitted a written bid to the Appellees for installation of floor underlayment in a retirement community. The bid included a signature line marked "acceptance." Mr. Gerspacher signed and dated the bid and returned the form to Nufloor. During the construction process, but before Nufloor began its work, the architect recommended changes to the structure of the retirement home. Mr. Gerspacher requested a quotation from Nufloor incorporating the prospective changes. On January 24, 1995, Nufloor submitted a revised quotation. Mr. Gerspacher did not reply. In March, Nufloor learned that the Appellees had entered into a contract with Accurate "K" Floor Systems, Inc., to complete the underlayment work.
On August 23, 1995, Nufloor filed suit against the Appellees for breach of contract. Following a trial to the bench, the trial court ordered judgment in favor of the Appellees. Nufloor timely appealed and has raised one assignment of error.
 ASSIGNMENT OF ERROR [T]he trial court erred by finding that the parties in this case had not entered into a contract for construction services.
Nufloor has argued that the trial court's determination that no contract existed between the parties was incorrect. Because we conclude that the trial court incorrectly applied the doctrine of mutual mistake in this case, we agree.
A contract is a promise or set of promises that is legally enforceable. Episcopal Retirement Homes, Inc. v. Ohio Dept. ofIndus. Relations (1991), 61 Ohio St.3d 366, 369. After an invitation for construction bids is extended, a contract is formed when the party that extended the invitation accepts a proposed bid and gives notice of acceptance to the bidder. Prime Contractors,Inc. v. Girard (1995), 101 Ohio App.3d 249, 255, citingMacKinnon-Parker, Inc. v. Lucas Metro. Hous. Auth. (1992),84 Ohio App.3d 453, 455-56. Both parties to a contract must assent to its terms; there must be a "meeting of the minds" of the parties as to the essential terms of the agreement; and the terms of the contract must be definite and certain. EpiscopalRetirement Homes, Inc. v. Ohio Dept. of Indus. Relations, supra, at 369. The "meeting of the minds" indicates that the parties "have a distinct and common intention which is communicated by each party to the other." McCarthy, Lebit, Crystal Haiman Co.,L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613, 620. In an express contract, the meeting of the minds is manifested by offer and acceptance. Legros v. Tarr (1989), 44 Ohio St.3d 1, 6.
In this case, Nufloor submitted a bid to the Appellees that included a signature line with the notation "accepted by." On December 7, 1993, Gerspacher indicated his acceptance of the bid by signing and returning the bid to Nufloor. This action was sufficient to accept the bid and to provide notice to Nufloor of the acceptance. Later execution of a formal written contract was unnecessary, and would have served only to evidence the contract entered into by the acceptance of Nufloors' bid. See PrimeContractors, Inc. v. Girard, 101 Ohio App.3d at 255. The contract thus formed expressed the parties' common intention that Nufloor would install underlayment for the specified area of the retirement center in return for payment. The terms of the contract demonstrated that Nufloor and the appellees had reached a meeting of the minds as to the "common and distinct intention" of the contract. To the extent that the trial court relied on an absence of the meeting of the minds, its determination that no contract existed between the parties was incorrect.
A valid contract may be terminated by mutual consent of the parties, or termination may be implied from their mutual conduct.Snell v. Salem Ave. Assoc. (1996), 111 Ohio App.3d 23, 31, citingHunter v. BPS Guard Serv., Inc. (1995), 100 Ohio App.3d 532, 541. The record in this case indicates that the parties did not consent to termination of the contract. Further, a contract may be altered by subsequent modifications. Trader v. People WorkingCooperatively, Inc. (1994), 104 Ohio App.3d 690, 694. Although the Appellees did not assent to the revised quotation provided by Nufloor, the fact that a revised quote was requested and made does not demonstrate that the parties terminated the contract by mutual consent.
A contract may also be rescinded when the parties have made a mutual mistake with respect to a material element of the contract, and the complaining party was not negligent in failing to discover the mistake. Reilley v. Richards (1994), 69 Ohio St.3d 352,352-53. "A mutual mistake of fact is present where a mistake by both parties as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances." Pharmacia Hepar, Inc. v. Franklin (1996),111 Ohio App.3d 468, 478. The intention of the parties with respect to the subject matter of the contract must have been frustrated by the mutual mistake. Reilley v. Richards,69 Ohio St. 3d at 353.
The trial court concluded that there was a mutual mistake with respect to the contract and, therefore, no contract was formed between the parties. Although mutual mistake is a valid ground for rescission of an existing contract, it was improper for the court to use the doctrine of mutual mistake as a vehicle for determining that no contract existed. Further, an action for rescission of a contract is a distinct claim that must be proven by the complaining party by clear and convincing evidence. SeeLusardo v. Broadview Savings and Loan Co. (Mar. 14, 1991), Cuyahoga App. No. 58147, unreported, 1991 Ohio App. LEXIS 1073, at *8. The Appellees have argued that no contract existed between the parties; no claim for rescission of an existing contract has been brought. Given the posture of this case, it would be inappropriate for the trial court to consider rescission through mutual mistake.
Nufloor's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgement reversed, and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR