OPINION
Patrick and Kay Alt, appeal from a judgment entered in the Seneca County Court of Common Pleas granting judgment upon a verdict entered in favor of Steven H. Snavely, dba Snavely Construction.
This case arose as an action on an account for money owed. During the summer of 1995, Steven Snavely undertook the construction of a home for Patrick and Kay Alt on land the Alts owned. Once construction of the home was completed in February of 1996, Snavely sent the Alts a final bill indicating an unpaid balance on their account in the amount of $13,975. The Alts refused to pay Snavely this amount and defended by claiming that they entered into a fixed rate contract with Snavely to construct their home for an amount of money less than Snavely billed them. On October 15, 1996, Snavely filed a complaint against the Alts for payment owed in the Seneca County Court of Common Pleas. A trial to the court was held on June 22, 1998. On September 24, 1998, the trial court entered judgment and found that the parties had entered a contract to pay Snavely "for his time and material" expended to construct the Alts' home. Judgment was entered in favor of Snavely against the Alts in the amount of $13,975.97. The Alts appeal from this judgment and raise one assignment of error.
I.
The Alts' assignment of error states:
 The Defendants assert as their sole assignment of error that the agreement entered into with the Plaintiff was a fixed rate contract, whereby the Plaintiff would build the Defendants a home for $111,000.00.
 Though captioned as an assignment of error, this assertion by the Appellants does not claim the trial court committed reversible error. Nevertheless, we view this statement as an assertion that the trial court erred when finding the parties agreed to a time and material contract. This statement, therefore, is tantamount to asserting that the trial court erred by entering a judgment that was against the manifest weight of the evidence.
"If the judgment of the trial court is supported by some competent, credible evidence, going to the essential elements of the case, the judgment will not be reversed unless it is against the manifest weight of the evidence." Reilley v. Richards (1994),69 Ohio St.3d 352, 353, 632 N.E.2d 507, 509; see also, Myers v. Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; and C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
Evidence introduced at trial indicated that in late spring of 1995, the Alts contacted Steven Snavely and discussed with him how much he would charge to construct a home for them on land they owned. At the parties' first meeting, the Alts contend Snavely told them that a "ball park" figure for building their house was $128,000. (Transcript p. 106). Kay Alt testified that she informed Snavely that $128,000 was too expensive and that she and her husband only had $111,000 available to pay for the construction of a home. (Transcript p. 108). Though Snavely stated he could not recall specific figures discussed at the parties' initial meeting, he did agree that he became aware at some point during the negotiations that the Alts had available only $111,000 to spend on the construction of their home. (Transcript p. 28).
During the parties' second meeting, Snavely presented the Alts with a handwritten document listing various steps in a home construction and costs relating thereto, with a total cost listed at $110,920. At trial, Snavely testified that this document was intended to be an estimated cost for the material and labor required to build the Alts' home. No party signed this document.
At the parties' third meeting, Kay Alt testified that she and her husband told Snavely that they "would like to accept his bid and proceed with him being our contractor, our builder." (Transcript p. 108). Snavely also testified that an agreement was reached with the Alts at this third meeting. The Alts told Snavely, however, that before construction could begin, they needed building plans, house specifications and a written contract to present to the bank for loan approval.
On June 6, 1995, the parties met for a fourth time and Snavely delivered to the Alts a typed document entitled "PROPOSAL" that listed twenty-two "specifications" and "estimates" for the Alts' home. The unsigned document concluded: "TOTAL ESTIMATED PRICE FOR HOUSE COMPLETED LESS FURNISHING AS PER DRAWINGS AND SPEC. . . . . . . . $111,000." (Plaintiff's Ex. 1). Snavely stated he drafted this document at the Alts' request "[i]n order to satisfy the bank . . ." (Transcript p. 33). Kay Alt delivered this document to her bank.
In late July or early August of 1995, Snavely began constructing the Alts' home. The home was completed by February of 1996. The Alts paid Snavely $6,000 in cash at the start of construction and paid Snavely an additional $98,429 by drawing on a loan procured by them to fund the construction of their home. In total, the Alts paid Snavely $104,429 to construct their home. Snavely claimed his total cost of material and labor to build the Alts' home was $118,404.97. Snavely requested the Alts pay him an additional $13,975.97, the difference between the sum Snavely billed Alts for construction of the home and the amount the Alts had already paid Snavely. The Alts refused to pay this additional amount.
The parties agree that a contract was entered between them for the construction of the Alts' home. Disputed, however, are the terms of that agreement. The parties executed no signed writing that would indicate the terms to which they agreed. The parties' agreement was oral. Snavely presented the Alts with a handwritten description of the material and labor costs associated with building the type of home they desired and the Alts told Snavely that they wished to "accept his bid." (Transcript p. 108). The Alts then asked Snavely to prepare a "contract" so they could present such document to their bank for loan approval. The document Snavely prepared clearly indicated the cost of construction was a "TOTAL ESTIMATED PRICE . . . [of] $111,000." (Plaintiff's Ex. 1, emphasis added). The Alts did not question this description of the price and presented this document to their bank as their agreement with Snavely.
When a party pleads payment as a defense, they bear the burden of proving such affirmative defense. Zimmerman v. Eagle Mtge. Corp. (1996), 110 Ohio App.3d 762, 781, 675 N.E.2d 480, 491. Here, the trial court's conclusion that the Alt's failed in their proof is not against the weight of the evidence because the document upon which the Alts rely discloses no terms that could be read to indicate the parties here entered into a fixed rate agreement. Reilley, supra. When considering the circumstances surrounding the agreement entered into by the Alts and Snavely, there was competent, credible evidence supporting the trial court's finding that the parties entered into a time and material contract for the construction of a home. Reilley, supra; see also, Railway Co. v. Gaffney (1901), 65 Ohio St. 104, 118-119,61 N.E. 152, 154 (a parties' conduct, viewed in light of the surrounding circumstances, is competent evidence of the terms of an agreement); see e.g. Legros v. Tarr (1989), 44 Ohio St.3d 1,6-7, 540 N.E.2d 257, 263.
The Alts also argued in brief that Snavely grossly under-estimated the cost of constructing their home, inducing the Alts to hire him as their contractor. While the Alts may have been motivated by Snavely's low estimate, the Alts' motivation is not relevant to the determination of whether they agreed to pay Snavely for the time and material he expended while constructing their home. The Alts did not claim that Snavely secured their inducement fraudulently. While it does appear that Snavely significantly under-estimated the cost of some work performed by sub-contractors, the Alts do not claim the trial court erred when computing the damages associated with a time and material contract. Rather, the Alts merely claim that the trial court erred when it failed to find their agreement to be a fixed rate contract for the construction of their home. Because there is sufficient evidence supporting the trial court's determination that the agreement entered was for the time and material to be expended in constructing the home, the Alts' assignment of error is without merit and is overruled.
Judgment Affirmed.
SHAW and WALTERS, JJ., concur.