OPINION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Sandusky County Court of Common Pleas wherein defendant-appellant, Fidel Barrera, was sentenced to a twelve month prison term for the crime of attempted possession of marijuana, a fourth degree felony, in violation of R.C. 2925.11.
Appellant raises the following two assignments of error:
 "1. THE TRIAL COURT ERRED IN FAILING TO PROPERLY CONSIDER THE FACTORS LISTED ON THE WRITTEN PLEA AGREEMENT WHEN OVERRIDING THE STATED PRESUMPTION FOR COMMUNITY CONTROL ON A CONVICTION OF A FOURTH DEGREE FELONY AND SENTENCING APPELLANT TO A TERM IN PRISON
 "2. THE TRIAL COURT ERRED IN FAILING TO PROPERLY CONSIDER WHAT CONSTITUTES `ORGANIZED CRIMINAL ACTIVITY' WHEN DETERMINING THE SENTENCE FOR THE APPELLANT"
At the outset we note that a defendant who pleads guilty to a fourth or fifth degree felony may appeal a prison sentence imposed pursuant to R.C. 2929.13. R.C. 2953.08(A)(2). The reviewing court may increase, reduce or otherwise modify a sentence where it is established by clear and convincing evidence that:
 "the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in division (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13
of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense; * * *." R.C. 2953.08(G)(1)(b).
Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 477.
On January 7, 1998, appellant was indicted on one count of possession of marijuana and three counts of having weapons while under disability. A plea agreement was reached and appellant pleaded guilty to attempted possession of marijuana, a violation of R.C. 2925.11. The agreement provides, in pertinent part:
 "5. It is presumed that a prison term is not required for a fourth degree felony, unless the judge finds any of the following: (A) that I caused physical violence to a person; (B) that in committing the crime, I attempted to cause or made an actual threat of physical harm to a person with a deadly weapon; (C) that in committing the crime, I attempted to caused [sic] or made an actual threat of physical harm to a person; (D) that I held public office or a position of trust, and the crime was related to that office or position or that I had a position of [sic] obliged me to prevent the offense or to bring those committing it to justice, or that my professional reputation or positioned [sic] facilitated the offense or was likely to influence the future conduct of others; (E) that I committed the offense for hire as part of an organized criminal activity; (F) that the offense is a sex offense; (G) that I previously served a prison term; (H) that I previously was subject to a community sanction and I either violated the conditions of the sanction or I committed another offense while under the sanction.
 "6. I may receive a prison term if the judge finds one of the findings in number 5 above and that a non-prison sanction would not adequately punish me or protect the public and that I am not suitable for an available community control sanction."
Paragraph 5 of the agreement mirrors R.C. 2929.13(B)(1), with the exception of section "(E)." The corresponding statutory provision states "(e) The offender committed the offense for hire or as part of an organized criminal activity." (Emphasis added.)
At the September 2, 1998 sentencing hearing, the trial court stated that it had considered appellant's criminal record, the pre-sentence investigation report, his sentencing memorandum and the "purposes and principles of sentencing as set forth in Ohio law, including the factors under Revised Code 2929.12 and .13."
Based upon the following facts, the trial court found that appellant was not amenable to community control and sentenced him to twelve months imprisonment. The court specifically found:
 "This is your fifth felony conviction, and I recognize it's in a forty year period, but it's a fifth felony. You have never been incarcerated for any of those, and they included Breaking and Entering, Burglary, Cutting with the Intent to Kill, as well as this substantial Trafficking in Marijuana charge. Or in this case it's Attempted Possession of Marijuana, excuse me, but it was a large amount of marijuana.
You were convicted of Receiving Stolen Property in North Carolina in 1989, for which you were given probation. And probation is an attempt to see that you remain in the future law-abiding.
In this case you were in possession of 2491 grams of marijuana, multiple firearms, and over $25,000.00 in cash, which causes this court to conclude that this offense was a part of an organized criminal activity.
Although you've never been sentenced to prison, the Court does find that Community Control and a minimum imprisonment would both demean the seriousness of the offense and not sufficiently protect the public."
In appellant's first assignment of error he argues that the trial court, at sentencing, failed to consider the factors listed in the plea agreement. In particular, appellant refers to Paragraph 5, section E, which misstates the corresponding Revised Code section and reads that appellant "committed the offense for "hire as part of an organized criminal activity, rather than appellant "committed the offense for hire or as part of an organized criminal activity." Thus, appellant contends that his plea was not knowing and voluntary.
Appellant correctly states that a plea agreement is contractual in nature and subject to contract law standards. Statev. Butts (1996), 112 Ohio App.3d 683, 685-686. Under the rules of contract law, a contract may be rescinded "where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake." Reilley v. Richards (1994), 69 Ohio St.3d 352, 352-353.
 "A mistake is material to a contract where it is `a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances.' 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1). Thus, the intention of the parties must have been frustrated by the mutual mistake." Id. at 353.
Upon careful examination of the proceedings below, we find that both parties were unaware of the typographical error on the date of the plea hearing. However, even assuming that the mistake of the parties was "material," it did not frustrate the purpose of the plea agreement. In exchange for his admission of guilt, appellant benefitted by the state's dismissal of counts two, three, and four of the indictment, and its reduction of count one to attempted possession of marijuana. The state benefitted by getting a conviction.
We further find that appellant, "the complaining party," was negligent in failing to recognize the typographical error. During the plea hearing, the trial court stated that the presumption of a nonprison sanction could be overcome by the factors enumerated in the statute and on the plea form. Upon
review of the plea form, it is obvious that the plea form was intended to mirror the statute. The court further stressed that by entering into the plea agreement, appellant faced a maximum eighteen month prison sentence.
At sentencing, the trial court concluded that the offense "was a part of an organized criminal activity." Appellant failed to object to the court's finding or request that the plea be withdrawn. Appellant cannot now claim that he did not get the benefit of the plea agreement. In fact, appellant has not stated that had the language in the plea agreement included the word "or," he would not have entered the plea. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that the trial court failed to properly consider what constitutes "organized criminal activity" during sentencing.
R.C. 2929.12 requires that when imposing a sentence, a trial court must consider certain factors relating to the seriousness of the conduct. "Organized criminal activity," one of the factors, is not defined in the statute and must be determined on a case-by-case basis. State v. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111, unreported, citing Griffin Katz, Ohio Felony Sentencing Law (1996-1997 Ed.), Text 4.15. In Statev. Henley (Oct. 29, 1998), Cuyahoga App. No. 74305, unreported, the court found organized criminal activity where the defendant was caught with drugs in the Cleveland airport, upon arrival from Los Angeles.
In the instant case, appellant admitted during the plea hearing that he was caught with four or five pounds of marijuana. Further, as part of the plea agreement he agreed to forfeit $25,000 cash and multiple firearms as set forth in the indictment. During sentencing, the trial court, on the record, referenced these facts in concluding that appellant was part of an organized criminal activity. Again, appellant did not object. Upon review of the record we find that clear and convincing evidence existed to support the trial court's finding. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. JUDGE
Richard W. Knepper, J. JUDGE
Mark L. Pietrykowski, J. JUDGE
CONCUR.