The plaintiffs-appellants, Gerald and Beth Gatrell ("appellants"), appeal the judgment of the Crawford County Court of Common Pleas awarding them $850 in damages and denying their claims against the appellee for violation of the Consumer Sales Practices Act and the Home Sales Solicitation Act. For the following reasons, we affirm the trial court's judgment in part and reverse in part.
The pertinent facts in this case are as follows. In May of 1995, the appellants entered into a contract for the repair of their septic system with the appellee, Ted Kilgore ("appellee"). The agreement reached by the parties stated that the appellee would install a new septic system, leach field and perimeter tile with parts and labor per county requirements for $5000.
The appellee promptly commenced the installation of the new system, which was completed in June of 1995. About three or four weeks after the appellee had finished the installation, the appellant noticed water was pooling in their backyard. This was the same problem that the appellants were experiencing with their old septic system. The appellee refused to take any action in response to the appellants' complaints about the pooling water.
On September 23, 1996, the appellants brought suit against the appellee alleging breach of contract, breach of warranty, violation of the Consumer Sales Practices Act, and violation of the Home Sales Solicitations Act. A bench trial was held on October 1, 1998, and on June 22, 1999, the court issued a judgment entry in this matter. The trial court awarded the appellants judgment against the appellee in the amount of $850.00 for the cost of the repairs to the septic system. The court also awarded judgment in favor of the appellee on the appellants' claims of violation of the Consumer Sales Practices Act and the Home Sales Solicitation Act. It is from this judgment that the appellants appeal, asserting four assignments of error.
Assignment of Error No. 1
 The trial court's decision is contrary to the manifest weight of the evidence.
 Assignment of Error No. 2
 The trial court erred in awarding damages based upon the cost of repairs rather than the cost of replacement.
 In the interests of clarity and brevity, the appellants' first and second assignments of error will be addressed simultaneously.
The appellants contend that the judgment of the trial court is against the manifest weight of the evidence concerning the amount of damages that were awarded. For the following reasons, we agree.
First, it is necessary to set forth the standard of review in this matter. It is well established that a reviewing court is guided by a presumption of correctness of the trial court proceedings and judgment. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Thus, as a reviewing court we must defer to that presumption when an appellant complains that the judgment is against the manifest weight of the evidence, if, after a thorough review of the record, we find that there is any "competent, credible, evidence" that supports the judgment. C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280, Reilly v.Richards (1994), 69 Ohio St.3d 352.
The evidence in this case showed that the appellants hired William Scott, an excavating contractor, to conduct a site evaluation of the septic system installed by the appellee. Scott concluded that four additions needed to be made to the system in order for the system to be "complete." Those four additions included (1) finish grade lot and check with transit to insure lot will surface drain, (2) seed lot, (3) install riser on septic tank, and (4) install distribution box with valves to make two tile fields. Scott never stated that after these additions were completed the septic system would be fully functional. His testimony was that the system would be "complete" and "as long as the installation under the ground, which I couldn't see, was verified correct, yes, it would be — right." When asked why he had not recommended any alternative type of system when he prepared his evaluation, Scott indicated that he did not feel that was his place, "he had been hired to inspect what was there."
At trial, the appellants presented the testimony of three individuals experienced in the installation of septic systems. Tim Brown, who has been involved in installing septic systems since he was twelve years old, testified that the system installed by the appellee was the wrong type of system for the soil present in the appellants' yard and the system would not be able to be repaired and would have to be replaced. George Rank, who has thirty years experience in this area, testified that the system could not function correctly because the appellants' yard consists mostly of clay. James Burkhart, the director of environmental health for Crawford County, testified that the system installed by the appellee was not installed according to county requirements. Burkhart further testified that in his opinion, the existing septic system could not be salvaged and a new system would have to be installed.
In the case sub judice, the trial court found the following.
 As performed, the work was incomplete, but substantial compliance of the agreement between the parties could have been accomplished by additional work done in the summer of 1995. The only evidence of the cost of such proper completion of the agreement so as to constitute substantial compliance is the $850 estimate, which Defendant later obtained from Mr. Rank to "repair" the work.
 Substantial performance in contract law is "an approximation of full performance so that the parties obtain, in the main, what the contract called for, although it is not a complete and full performance in every particular." Eaton Well Drilling, Inc. v. Pat De Moss (June 22, 1995), Logan App. No. 8-95-2, unreported, citing State v. Brand (1981), 2 Ohio App.3d 460, 464.
It appears that the trial court based its entire decision upon the testimony of the appellee. Interestingly, the appellee never presented any evidence to prove that the system installed was in fact the correct system for the soil type. The appellee's case focused on alternate routes the appellants could and should have taken, which would have assisted the system in functioning better. There was a substantial amount of evidence presented, by both parties, concerning the surface water on the appellants' land. The appellee contends that the appellants need to install a new tile, which would divert the ground water over their neighbor's property. The appellee alleges that if this is done, the system he installed will work.
Consequently, following a thorough review of the record, we find that the court's decision is not supported by the evidence presented and admitted at trial. We agree with the appellants that the court's judgment in favor of the appellants for only $850.00 is against the manifest weight of the evidence. SeeGillespie Const. v. Henderson (Sept. 28, 1994), Shelby App. No. 17-94-3, unreported. ("Court of Appeals has the authority and duty to weigh the evidence and to determine whether the findings of the trial court as the trier of facts were so against the weight of the evidence as to require a reversal and a remanding of the case.")
The appellants contracted with the appellee to install a new septic system. Inherent in that agreement was that the system installed by the appellee would work. We agree with the trial court that the four additions suggested by William Scott would "complete" the system. However, there is uncontroverted evidence that the system, while it would be complete, would not function due to the type of soil in the appellants' yard. The trial court should not have discounted completely the extensive evidence that the system installed is not correctable, or correctable only at considerable additional expense to the appellants.
We therefore find that the court's judgment for the appellants for only $850, the cost to "complete" the system, is against the manifest weight of the evidence. It is undeterminable from the record the amount it will cost to provide the appellants with the functioning septic system for which they contracted. The appellants presented evidence that the cost to replace the system would be anywhere between $4800 and $5200. However, it was also indicated that some of the parts installed by the appellee could still be used in a functioning system. The trial court should conduct hearings to determine the amount it will cost to provide the appellants with a septic system that is appropriate for the type of soil present and fully functioning.
Accordingly, the appellants' first and second assignments of error are well taken.
Assignment of Error No. 3
 The trial court erred in its determination that Consumer Sales Practices Act (CSPA — RC 1345.01 et seq.) [sic] did not apply to this case.
 The appellants contend that the trial court incorrectly held that they failed to meet their burden of establishing that the Consumer Sales Practices Act applies to this case. For the following reasons, we disagree.
In their complaint, the appellants allege that the appellee violated the Consumer Sales Practices Act by failing to honor the implied warranty of workmanship. The Consumer Sales Practices Act states that no supplier shall commit an unfair, deceptive, or unconscionable act or practice in connection with a consumer transaction. R.C. 1345.02 and R.C. 1345.03. While the finished septic system was imperfect, we agree with the trial court that the evidence failed to establish that the appellee's work rose to the level of unfair, deceptive or unconscionable.
Accordingly, the appellants' third assignment of error is overruled.
Assignment of Error No. 4
 The trial court erred in its determination that Home Sales Solicitation Act [HSSA — RC 1345.21(A) et seq.] [sic] did not apply to this case.
The appellants contend that the trial court incorrectly held that the Home Sales Solicitation Act ("HSSA") did not apply in this case. We disagree. A thorough review of the record reveals that the trial court correctly found that the appellants failed to meet their burden of establishing that R.C. 1345.21, the HSSA, is applicable in this case.
Accordingly, the appellants' fourth assignment of error is overruled.
Having found error prejudicial to the appellants herein, in two of the particulars assigned and argued, we reverse the judgment of the trial court as to the appellants' first and second assignments of error and remand the matter for further proceedings consistent with this opinion.
Having found no error prejudicial to the appellants herein, in two of the particulars assigned and argued, we affirm the judgment of the trial court as to the appellants' third and fourth assignments of error.
Judgment affirmed in part and reversed in part.
 BRYANT, P.J., and SHAW, concur.