JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant State of Ohio ("state") appeals from the decision of the Cuyahoga County Court of Common Pleas that granted a motion to enforce plea agreement in favor of the defendant-appellee Paul Hart ("Hart"). Finding error in the proceedings below, we reverse.
 {¶ 2} The following facts give rise to this appeal. Hart was charged with one count of possession of PCP in violation of R.C.2925.11, two counts of trafficking in PCP in violation of R.C.2925.03, and one count of possession of criminal tools in violation of R.C. 2923.24. The three drug charges were third degree felonies because the indictment charged an amount equal to or exceeding the bulk amount but less than five times the bulk amount. Each drug charge carries a mandatory term of incarceration between one and five years.
 {¶ 3} During pretrial discussions, the state as well as Hart's counsel mistakenly believed that the drug charges were fourth degree felonies. In accordance with office policy, the assistant county prosecutor met with a supervisor for plea agreement approval. The supervisor approved a plea agreement to "Count three as charged (F4)" and marked the file accordingly. Hart accepted the plea agreement.
 {¶ 4} The trial court held a plea hearing pursuant to Crim.R. 11. A different assistant county prosecutor outlined the plea for the court. At that time, the judge informed both parties that count three, as charged, was a third degree felony and not a fourth degree felony. Hart's counsel indicated that Hart would not plead guilty to a third degree felony and indicated that the state should have the file re-marked. The plea hearing ended.
 {¶ 5} Subsequently, Hart filed a motion to enforce plea agreement, arguing that the state offered him a fourth degree felony and he accepted that plea forming a valid, enforceable contract. Following a hearing, the trial court granted Hart's motion over the state's objection. The trial court amended the language in count three, lowering the amount of drugs charged, which in turn reduced count three to a felony of the fourth degree. Hart pled guilty and the remaining counts were dismissed.
 {¶ 6} The state timely appeals this decision of the trial court, advancing one assignment of error for our review.
 {¶ 7} "I. The trial court abused its discretion by granting appellee's motion to enforce the plea agreement."
 {¶ 8} "Ordinarily, the result of the breach of the plea-bargain agreement is a matter lying within the sound discretion of the trial court and may be either rescission or specific performance; that is, either allowing withdrawal of the negotiated plea or requiring the state to fulfill its end of the bargain, depending upon the circumstances and lying within the sound discretion of the trial court. See Santobello v. New York
(1971), 404 U.S. 257, 263." State v. Mathews (1982),8 Ohio App.3d 145, 146.
 {¶ 9} We review the trial court's decision for abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 10} First we note that "[t]he state is not constitutionally required to plea bargain." Weatherford v.Bursey (1977), 429 U.S. 545; State v. Jackson (1977),50 Ohio St.2d 253. Further, "[c]onsiderable latitude is afforded the prosecutor in proposing plea agreements to defendants."Bordenkircher v. Hayes (1978), 434 U.S. 357. "Thus the state is not required to offer anything to a defendant and can withdraw an offer at any time." Mabry v. Johnson (1984), 467 U.S. 504.
 {¶ 11} In State v. Butts (1996), 112 Ohio App.3d 683, this court recognized that "[a] plea bargain itself is contractual in nature and subject to contract-law standards." Citing Baker v.United States (C.A.6, 1986), 781 F.2d 85, 90, cert. denied,476 U.S. 1017. Further "[t]he doctrine of mutual mistake constitutes grounds for rescission of a contract." State v. Ulrey (Apr. 30, 1998), Cuyahoga App. No. 71705, citing Reilley v. Richards
(1994), 69 Ohio St.3d 352. "A mutual mistake of either fact or law permits rescission." Id. citing State ex rel. Walker v.Lancaster City School Dist. Bd. of Edn. (1997),79 Ohio St.3d 216.
 {¶ 12} Here, both parties mistakenly believed that Hart was charged with three fourth degree felonies and one fifth degree felony. As a result of this mistake of law, a plea agreement was authorized whereby Hart would plead guilty to one count as charged and the state would nolle the remaining counts. There is no indication that the parties agreed to reduce the level of the charges; the state agreed to dismiss several counts only upon Hart's plea of guilty. Therefore, it was an abuse of discretion when the trial court reduced the charges and enforced the plea agreement. Since the parties made a mutual mistake in connection with the plea bargain agreement, we rescind it and remand this matter for further proceedings.
 {¶ 13} The state's sole assignment of error is sustained.
 {¶ 14} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Celebrezze, Jr., J., concur.