{¶ 40} I respectively dissent from the decision reached by my colleagues. There was no mutual mistake, and thus, the contract for the easement should not be rescinded. Consequently, I would affirm the judgment of the trial court.
 {¶ 41} Two issues are raised in this appeal. The first is whether Thomas sufficiently pled mutual mistake in the complaint. The second issue is if mutual mistake was sufficiently pled, was there a mutual mistake of a material fact?
 {¶ 42} Regarding the first issue, the majority cites to Civ.R. 8(A) and explains that all that is required is a short and plain statement of the claim showing that the party is entitled to relief and a demand for judgment. Opinion ¶ 17. It then states that in order to state a claim for mutual mistake, the complaint must allege: 1) the existence of a contract; 2) a material mutual mistake by the parties when entering into the contract; and 3) no negligence in discovering the mistake on the complainant's behalf. Opinion ¶ 19. After reviewing the complaint, the majority concludes that mutual mistake was sufficiently pled. Opinion ¶ 23.
 {¶ 43} The majority's recitation of the elements of mutual mistake is correct; however, the majority's analysis as to whether the complaint was sufficiently pled is *Page 10 
incomplete. The majority fails to acknowledge that mistake, like fraud, must be pled with particularity. Civ.R. 9(B). Butler Cty. Bd. of Commrs.v. Hamilton (2001), 145 Ohio App.3d 454, 471. Civ.R. 9(B) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, it must be determined whether the complaint was pled with particularity. If the particularity pleading requirement was disregarded, then Thomas waives the right to pursue such cause of action. Butler Cty. Bd. ofCommrs., 145 Ohio App.3d at 471, citing State Sav. Bank v. Gunther
(1998), 127 Ohio App.3d 338, 346.
 {¶ 44} The complaint alleges that there was a contract for an easement between Ohio Power and Thomas. Paragraph four of the complaint then states:
 {¶ 45} "The said easement and right-of-way agreement was entered into for the purpose of providing electric power service to an adjoining property; but after the clearing of woods was performed it was determined by the defendant that it lacked regulatory or legal authority to provide that service. The clearing of the property was therefore not `necessary' or `convenient' for the provision of electric power facilities, inasmuch as such provision of electric power service was either prohibited or unauthorized by pertinent law and regulations."
 {¶ 46} Thomas then alleges that these actions constituted trespass, were performed recklessly and resulted in damage to him. This probably was not sufficient information to be considered to be pled with particularity. As the trial court concluded:
 {¶ 47} "Thus, as pleaded in their Complaint, plaintiffs' soleclaim for the judicial nullification and/or cancellation of the Easement and Right of Way instrument is predicated upon the assertion that `the clearing of the property was therefore not "necessary" or "convenient" for the provision of electric power facilities.' * * *
 {¶ 48} "Significantly, plaintiffs Thomas do not allege in their Complaint that their execution of the easement at issue, or the negotiations between the parties, were the product of fraud, duress, coercion, misrepresentation, mistake, confusion or done other than with an informed, full and complete understanding and acceptance of the content and legal effect of the instrument itself and the grant(s) conveyed therein." 08/25/06 J.E. *Page 11 
(Emphasis in Original).
 {¶ 49} The use of the phrase "necessary and convenient" is not an indication that Thomas was alleging mistake. "Necessary and convenient" is a means to determine the scope of an easement when the dimensions of the easement are not expressed. Hiener v. Kelley (July 23, 1999), 4th Dist. No. 98CA7. It does not test the validity of the easement. Consequently, the trial court was correct in determining that the complaint did not plead mutual mistake of material fact.
 {¶ 50} That said, even if it were assumed that the pleadings were pled with particularity and thus, provided notice to Ohio Power that Thomas was asserting a mutual mistake of material fact claim, the facts of this case do not demonstrate mutual mistake of material fact.
 {¶ 51} The stipulated facts in this case show that Baker approached Thomas about granting an easement to Ohio Power to bring power lines across Thomas' property along Meter Road to supply power to Baker's property. Thomas agreed and entered into an easement with Ohio Power. The easement indicates that it is "for electric, other energy or communication purposes, for current/future uses, overhead and underground." The contract further limited the easement to at most eight poles to run the electric. Ohio Power then cleared and cut down trees within the easement to run electric. After that was done, it was discovered that Baker's house was not in the service area of Ohio Power, and thus, Ohio Power could not provide service to Baker.
 {¶ 52} In determining that the above facts resulted in a mutual mistake of material fact, the majority relies on Wyse v. AmeritechCorp., 2d Dist No. 20080, 2004-Ohio-1015.
 {¶ 53} In Wyse, Wyse and Ameritech entered into a contract for an easement; Wyse permitted Ameritech to build a controlled environmental vault (CEV) on his property. When discussing the easement, Wyse wanted to ensure that the CEV would not be too obtrusive. Ameritech told Wyse that the CEV would stick out of the ground no more than 36 inches. When Ameritech finally built the CEV, it stuck out of the ground 54 inches. Wyse then brought action against Ameritech for mutual mistake.
 {¶ 54} The Second Appellate District concluded that there was a mutual mistake of *Page 12 
a material fact. The parties entered into the agreement under a mistaken understanding of what the visibility and height of the CEV would be when it was installed. Id. at ¶ 31. While that mistake was not particularly material to Ameritech's intention, it was material to Wyse because "it severely frustrated Wyse's expectations" regarding his property. Id.
 {¶ 55} The Second District's decision relied on the Ohio Supreme Court's 4-3 reasoning in Reilley v. Richards, 69 Ohio St.3d 352,1994-Ohio-528. In Reilley, a buyer contracted with a seller to buy a piece of property. At the time of contracting, the parties were both unaware that the property was in a floodplain. The builder, who was to build the buyer's house, indicated that he would not build on the lot because he could not warrant the property for a year. The Supreme Court held that this was a mutual mistake of a material fact. It specifically indicated that rescission of the contract was proper since there was a mutual mistake "as to the character of the property, which is material to the subject matter of the contract." Id. at 354.
 {¶ 56} In the instance before us, the mistake is not material because it did not severely frustrate Thomas' expectations regarding his property (the property that was the subject matter of the contract). His expectation regarding his property was that at most eight poles to run electricity could be placed down Meter Road on his property. That was not frustrated by the fact that Baker could not receive power from Ohio Power. His property was not affected; rather, it was Baker's property that was affected.
 {¶ 57} Furthermore, and more importantly, both Wyse andReilley involved a mistake of material fact by the contracting parties. However, in the matter before this court, the mistake is between the easement grantors and a neighbor whose request induced the grantors to execute the easement. Number 4 of Stipulated Facts. As the trial court correctly pointed out:
 {¶ 58} "The easement contains no conditions or limitations as to when in time the easement can be opened or utilized by Ohio Power nor to what customers, or potential customers, power service will be provided. * * * Utilization of the easement was at Ohio Power's discretion." 08/25/06 J.E.
 {¶ 59} The majority contends that future use cannot be considered. However, I *Page 13 
disagree, especially when the contract for easement is for electricity purposes.
 {¶ 60} Accordingly, even if the complaint properly set forth "mutual mistake" with the specificity required by the Civil Rules, there was no mutual mistake of material fact (regarding Thomas' property) between the grantors and the grantee of the easement. As such, I would affirm the trial court's decision. *Page 1