DECISION
In 1990, plaintiff-appellee, Carl D. Shank, was a licensed real estate agent and met defendant-appellant, Sandra Porter, who was then known as Sandra K. Tucker, when he sold her a house to be built by Bell Homes. Appellee and appellant began a romantic relationship. Prior to closing on the house, appellant had insufficient funds and appellee loaned her $5,500 for which appellant signed a promissory note. Appellee testified that the language on that note provided that the note was due and payable "upon sale of home [5126 Bressler Drive] or deed transfer of the home." (Tr. at 24.) Appellee also loaned appellant money for improvements to her home. The deed to the property was in appellant's name and her mother's name, Bernanine Angeles.
In August 1991, appellant discovered that appellee was having a relationship with Jody Porter and the relationship between appellant and appellee ended. Appellee testified that, after that time, he could not locate the promissory note that appellant had signed. Later, appellee and appellant met and appellant signed a new promissory note for $11,450, which incorporated the amount of the first promissory note and the cost of the improvements. Appellant filled in the amount on the note and signed it. The language on the note stated as follows:
 Sandra K. Tucker after date, for value received, the undersigned jointly and severally promise to pay to the order of Carl D. Shank at 775 Collingwood Dr. Westerville, Ohio 43081, the sum of $11,450. 00/xx Eleven thousand four hundred fifty dollars — Dollars, with interest from the date hereof at the rate of the average real estate equity growth for area % per annum, payable at sale of property at 5126 Bressler Dr., Hilliard, Ohio 43026.
After appellant and appellee's relationship ended, appellant married Ernest Porter, Jody Porter's former husband, and unsuccessfully attempted to sell the home on Bressler Drive. The house has been leased for more than three years.
On February 11, 1998, appellant and her mother deeded the property to appellant and her husband, Porter, as joint tenants in common. The house was refinanced and appellant used the money to pay other debts. Appellant has not paid any money to appellee.
Appellee filed this action seeking payment on the promissory note alleging that the note was due and payable because of a mutual mistake of the parties. After a bench trial, the trial court ruled that the note was presently due and payable, with interest. At the request of appellant, the trial court filed findings of fact and conclusions of law. Appellant appealed and raises the following assignments of error:
 No. 1 THE COURT ERRED IN FINDING THE "NOTE" SHOULD BE REFORMED BECAUSE THE MANIFEST WEIGHT OF THE EVIDENCE IS EITHER THAT THERE WAS NO MISTAKE OF FACT OR, IF THERE WAS A MISTAKE, IT WAS ONLY UNILATERAL AND NOT MUTUAL.
 No. 2 THE TRIAL COURT ERRED IN FINDING THERE WAS ANY CONTRACT TO BE REFORMED.
 No. 3 THE TRIAL COURT ERRED IN FINDING REFORMATION BECAUSE EVEN IF THERE WAS A CONTRACT THE UNAMBIGOUS LANGUAGE OF THE CONTRACT DID NOT REQUIRE REFORMATION.
 No. 4 THE TRIAL COURT ERRED IN REJECTING DEFENDANT'S DEFENSE OF DURESS.
The trial court found in appellee's favor based upon two theories. The first theory is that the note was a demand note, the principal of which was due after it was delivered and that the interest was due at the sale of the Bressler Drive property, but since the property was not sold within a reasonable time the interest was now due. The second theory was that appellee had presented clear and convincing evidence that the intent of the parties was that the note would be due and payable upon transfer of the title to the property. Although the parties had differing testimony concerning the events, the trial court specifically found appellant's testimony not credible. Thus, the trial court found that the note should be reformed to reflect the agreement of the parties.
The first three assignments of error are related in that appellant contends that the trial court erred in finding that a mutual mistake occurred and that the contract should be reformed. By the first assignment of error, appellant contends that the trial court's finding that the note should be reformed is against the manifest weight of the evidence because there was no mistake or it was a unilateral mistake. By the second assignment of error, appellant contends that the trial court erred in finding that there was a contract to be reformed. The third assignment of error contends that the trial court erred in finding that the contract should be reformed because, even if there was a contract, the unambiguous language of the contract did not require reformation.
Judgments which are supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
A mutual mistake as to a material fact is a mistake as to a basic assumption on which the contract was made which has a material effect on the agreed exchange of performances. Restatement of the Law 2d, Contracts (1979) 385, Mistake, Section 152(1). The Supreme Court of Ohio has adopted the Restatement definition of mutual mistake in Reilley v. Richards (1994), 69 Ohio St.3d 352, 353. The contract provision must be contrary to the understanding of the parties to the contract. Snedegar v. Midwestern Indemn. Co. (1988), 44 Ohio App.3d 64, 69. The Restatement provides that a contract is voidable by the adversely affected party unless he bears the risk of the mistake.
In this case, appellee testified that the parties intended that the note would be payable upon transfer of the title to the property or upon the sale of the property. The trial court specifically found this testimony credible. Although appellant testified that the note was only payable upon the sale of the property because appellee wanted appellant's daughter to always have a home, and that appellee had told appellant that she need not repay the note at all, the trial court specifically found that appellant was not truthful in her testimony. Thus, given the trial court's specific finding that appellee's testimony was truthful, there is clear and convincing evidence that the parties intended the note to be payable upon transfer of the title of the Bressler Drive property. Such determinations of credibility and the weight to be given to the evidence are for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The time that the note should be repaid is a material fact as to a basic assumption on which the contract was made, which has a material effect on the agreed exchange of performances. Here, the judgment is supported by some competent, credible evidence going to all the essential elements of the case and the trial court did not err in finding that the parties committed a mutual mistake and to reform the contract to reflect the true agreement between the parties. Appellant's first three assignments of error are not well-taken and are overruled.
By the fourth assignment of error, appellant contends that the trial court erred in rejecting appellant's defense of duress. Appellant testified that she signed the note under duress because appellee had asked her to meet him at his model home where his office was located to settle things between them. Appellant testified that, after she arrived, appellee locked the door and told her to sign the note. She felt threatened because of his anger and she did not sign the note voluntarily.
Appellee testified that the parties met at his home in Westerville and looked through checks to determine the amount of the note. Appellee stated that he told appellant that if the house sold or the deed was transferred, he wanted to be repaid. He also testified that he did not force appellant to sign the note because she signed the note voluntarily.
Again, the trial court specifically found that appellant was not truthful in her testimony. She had testified in court that she did not speak to appellee between the time that she discovered his relationship with Jody Porter until she met him at the model house, yet in her deposition testimony she stated that she had talked with appellee several times on the phone. The trial court found that the parties met at appellee's house and did not believe appellant's claim of duress. As stated above, such determinations of credibility and the weight to be given to the evidence are for the trier of fact. Appellant's fourth assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's four assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
TYACK, P.J., and BROWN, J., concur.