OPINION
{¶ 1} Plaintiff-appellant, Hadden Co., L.P.A., appeals from the judgment of the Franklin County Court of Common Pleas which granted summary judgment in favor of defendants-appellees, Anthony Del Spina and Lake Cumberland Resort, Inc., in this dispute over the terms of a real estate purchase contract.
 {¶ 2} In November 1999, attorney Bruce Hadden initiated negotiations on behalf of appellant for the investment purchase of real property located in a development known as the Lake Cumberland Resort ("LCR") in Kentucky. Del Spina is an acquaintance and former client of appellant's who, at all times relevant to this case, was an officer for LCR. Del Spina offered appellant a particular LCR condominium unit for purchase, Unit 1-V-B, which had been forfeited by another purchaser. By letter, Del Spina offered to credit $6,700 against the purchase price, which was the amount forfeited by the other purchaser when the sale was not completed. Del Spina's letter also offered a purchase price of $149,000, and four months of $1,000 per month payments as additional incentive to the purchaser. After engaging in negotiations, appellant apparently settled upon the purchase of Unit 4-V-A, and alleged that the parties agreed to the additional terms of four $1,000 per month payments and a guarantee of rental fees of $15,000; however, when the purchase contract was prepared, only the $149,000 purchase price was included, and the specific unit referenced in the purchase contract was Unit 4-V-B.
 {¶ 3} In March 2000, Hadden and his wife, Isabel, went to Kentucky and visited LCR, where they were given a tour by LCR sales manager, Chris Alford. Alford presented a copy of the purchase contract for their signature, which Isabel Hadden signed on behalf of appellant corporation. Both Haddens admit they did not read the contract, although Isabel handwrote and initialed a change of the lot number specified in the contract from lot 4-V-B to lot 4-V-A. In April 2000, the closing occurred by escrow, the appellant's representatives signing the relevant documents in Columbus, and the documents being sent to Kentucky for the final closing. Appellant's attorney reviewed the documents prior to closing, and the terms of the purchase contract were performed. During the closing process, neither the Haddens nor their attorney raised issue with the terms of the sale as articulated in the closing documents.
 {¶ 4} In November 2002, appellant initiated this action based upon theories of breach of contract, promissory estoppel and reformation. According to appellant, the letters from LCR outlining the terms of the proposed sale indicated that the purchase contract should have contained language indicating the purchase price would be reduced by $6,700, that appellant would receive four payments of $1,000, and that appellant was entitled to a $15,000 rental guarantee for the first rental season.
 {¶ 5} Appellee responded with a motion for summary judgment, which the trial court granted on October 31, 2002. In its decision, the trial court determined that, because the purchase contract's terms were clear, the plain language of the agreement controlled and parol evidence of any additional terms could not be relied upon. The court additionally held the Haddens had a duty to read the contract to be certain it contained the terms of the agreement before signing. The court also found that Del Spina was not a party to the purchase contract and, as only an officer of LCR, had no personal liability for the acts of LCR.
 {¶ 6} Appellant now assigns the following as error:
ASSIGNMENT OF ERROR NO. 1
The Trial Court erred when determining that the condominium purchase was closed in accordance with the signed January 15, 0000 contract.
ASSIGNMENT OF ERROR NO. 2
The Trial Court erred when determining that the January 15, 0000 Contract (as signed in March 2000) was clear and unambiguous.
ASSIGNMENT OF ERROR NO. 3
The Trial Court erred when determining that Contract [paragraph] 10, the so-called merger clause, precluded the rental guarantees contained in the February 1, 2000 letter.
ASSIGNMENT OF ERROR NO. 4
The Trial Court erred when it determined that the parol evidence rule precluded the consideration of evidence not contained within the four corners of the 0000 Contract.
ASSIGNMENT OF ERROR NO. 5
The Trial Court erred when granting Defendants' Motion for Summary Judgment.
ASSIGNMENT OF ERROR NO. 6
The Trial Court erred when striking Plaintiff's Memorandum Contract [sic] Defendants' Motion for Summary Judgment.
 {¶ 7} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 8} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 9} Although appellant has set forth six assignments of error, his arguments may be distilled into two arguments, which are that the trial court erred in granting summary judgment and that the court erred in striking his memorandum contra appellee's motion for summary judgment. Thus, appellant's first five assignments of error are related and will be discussed together.
 {¶ 10} In asserting the trial court erred in granting summary judgment, appellant raises several issues: that, contrary to the trial court's findings, the real estate closing was not in accordance with the signed purchase contract; the purchase contract was not clear and unambiguous; the "merger clause" in the contract did not preclude previous written agreements regarding rental guarantees; and the parol evidence rule did not preclude the consideration of evidence outside the purchase contract.
 {¶ 11} In TRINOVA Corp. v. Pilkington Bros., P.L.C. (1994),70 Ohio St.3d 271, the court syllabus stated:
Contract integration provides that where the parties' intent is sought to be ascertained from several writings, a prior writing will be rejected in favor of a subsequent one if the latter writing contains the whole of the parties' agreement. If the subsequent agreement is complete and unambiguous on its face, parol evidence is inadmissible to show a contrary intent of the parties.
 {¶ 12} The purchase contract at issue in the case at bar contained a "merger clause," which states, in full:
Upon acceptance, this offer shall become a complete agreement binding upon and inuring to the benefit of Purchaser and Seller and their respective heirs, successors, executors, administrators and assigns, and shall be deemed to contain all the terms and conditions agreed upon, there being no oral conditions, representations, warranties or agreements. Any subsequent conditions, representations, warranties or agreements shall not be valid and binding upon the parties unless in writing signed by both parties. Purchaser has examined the above-described property and is relying solely upon such examination with reference to the earnings there from and the conditions, character, utility, zoning and size of the land and improvements.
 {¶ 13} Thus, by signing the purchase contract, appellant agreed to accept its terms as the complete agreement between the parties. Under TRINOVA, only if the purchase contract is incomplete or ambiguous on its face can appellant use parol evidence to show a contrary intent of the parties. In finding the contract to be unambiguous, the trial court stated:
The Purchase Contract between Plaintiff and LCR specifically indicates that Plaintiff is purchasing townhome 4-V-A Lake Cumberland North subdivision of Lake Cumberland Resort, Inc. in Pulaski County, Kentucky. * * * The purchase price of $149,000.00 is to be paid in the following manner: $59,000.000 [sic] on delivery of deed and mortgage portion of the purchase price in a loan amount of $59,000.00. Furthermore, attached to the Purchase Contract as Schedule B is a property description depicting the property purchased by Plaintiff. The Court finds the Purchase Contract itself is clear and unambiguous.
 {¶ 14} Appellant claims that the trial court erred in concluding that the contract was unambiguous because the contract is dated "January 15, 0000," instead of "January 15, 2000," rendering performance of the contract an impossibility because the contract required a closing 2,000 years before being signed. Appellant's argument is without merit. The "0000" date clearly was a typographical error which does not render the entire contract ambiguous.
 {¶ 15} In any event, appellant's representative was required to read the documents before signing them, which the Haddens admit they did not do. One of the most celebrated tenets of the law of contracts is that a document should be read before being signed, and the corollary to this rule is that a party to the contract is presumed to have read what he signed and cannot defeat the contract by claiming he did not read it. See, e.g., McAdams v. McAdams (1909), 80 Ohio St. 232, 241. Mr. and Mrs. Hadden are an attorney and a treasurer to a law office. Nothing excuses their failure to read the purchase contract prior to signing.
 {¶ 16} Moreover, while the doctrine of mutual mistake is available to rescind a real estate purchase contract under certain circumstances, and while parol evidence may be admitted to show the parties had made a mutual mistake of fact, rescission is limited to a situation where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake. Reilley v. Richards (1994), 69 Ohio St.3d 352, 352-353, citing Irwin v. Wilson (1887), 45 Ohio St. 426. The Haddens had a duty to read the purchase contract and to point out any errors or omissions prior to signing. They breached that duty, and they cannot now claim mutual mistake. Based upon these considerations, appellant's first, second, third, fourth and fifth assignments of error are overruled.
 {¶ 17} Appellant's sixth assignment of error charges that the trial court erred in striking appellant's memorandum contra appellees' motion for summary judgment. The trial court struck the memorandum for the reason that the memorandum was not supported by proper evidence, pursuant to Civ.R. 56, and because the memorandum was not timely filed. Appellant alleges its memorandum was supported by the proper evidence, while appellees' memorandum was not, and that the delay in filing was the fault of the clerk's office for which appellant should not be penalized. Given our disposition of appellant's first five assignments of error, appellant's sixth assignment of error is overruled as moot.
 {¶ 18} Having overruled appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and KLATT, JJ., concur.