JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Juan Bautista Morell ("Juan") appeals the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted appellee Rosa M. Morell ("Rosa") permission to enter the former marital home to retrieve all of her clothing and personal items. For the reasons adduced below, we reverse. In this action, the trial court issued a judgment entry of divorce on October 20, 2003. With respect to personal property, the judgment entry of divorce provided as follows:
{¶ 3} "[E]xcept as set forth otherwise herein, the parties shallretain, as their respective personal property, all of the assets that arepresently in their possession and owned by them, respectively —including, but not restricted to, automobiles, bank accounts, brokerageaccounts, retirement benefits and assets; clothing and jewelry; and lifeinsurance in their respective names. The Defendant, Rosa M. Morell, shallretain, as her personal property, the contents of the shoebox that wasmarked previously as an Exhibit in the within proceedings. TheDefendant, Rosa M. Morell, shall receive the following household contentsthat are located at the Plaintiff, Juan Bautista Morell's real estate at7514 Snow Road; Parma, Ohio 44129: (A) refrigerator; and (B) bedroom setthat consists of two (2) beds, two (2) bureaus, and two (2) bookshelves.The parties shall agree to a schedule for the exchange of personalproperty. All other personal property of the parties has been dividedequally."
 {¶ 4} The judgment entry of divorce also incorporated an in-court agreement reached by the parties. That agreement provided similar language with regard to the exchange of personal property: "The parties have agreed to schedule a time between themselves to exchange personalties between them."
 {¶ 5} Shortly following the judgment entry of divorce, Rosa filed a motion for leave to retrieve personal property. Five days later, before a response had been filed, the trial court granted Rosa's motion, permitting Rosa "to enter the former marital home and garage * * *, for a period of time not to exceed one hour, in the company of a member of the Parma Police Department, to retrieve any and all of her clothing and personal items remaining therein." Juan filed a motion to vacate that was not ruled on by the trial court. This court denied Juan's motion for limited remand
 {¶ 6} Juan has timely appealed the trial court's ruling on Rosa's motion raising two assignments of error for our review which provide as follows:
 {¶ 7} "I. The trial court lacked jurisdiction to enter the order of October 29, 2003."
 {¶ 8} "II. The trial court erred in modifying the property division and terms of judgment."
 {¶ 9} Under his first assignment of error, Juan argues the trial court did not have continuing jurisdiction to issue its order because Rosa did not effectuate service upon him directly, as a party, as required by Civ.R. 4 to 4.6. Juan also argues that the trial court failed to give him seven days to respond to the motion before making its ruling. See Cuyahoga County DDR Loc.R. 15.
 {¶ 10} Under his second assignment of error, Juan argues the judgment entry of divorce was very clear as to which items Rosa was permitted to remove and that the court had no authority to modify the property division after the divorce had been granted. Rosa did not file an appellee's brief.
 {¶ 11} Juan correctly argues that a domestic relations court may not modify a previous property division. Indeed, R.C. 3105.171(I) provides that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court."
 {¶ 12} However, "while a trial court does not have continuing jurisdiction to modify a [property] division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment." Murphy v. Murphy,
Trumbull App. No. 2001-T-0147, 2002-Ohio-7277, quoting Gordon v. Gordon
(2001), 144 Ohio App.3d 21, 24. Also it is well settled that a trial court has broad discretion and power to enforce its own orders. See R.C.3105.011; Trifiletti v. Wolford (Nov. 8, 2000), Lorain App. No. 99CA007513.
 {¶ 13} Thus, the issue before us is whether the trial court modified the terms of the property division or clarified its original entry in order to effectuate its judgment. Here, there was no ambiguity in the parties' agreement or the judgment entry of divorce that required clarification. The parties clearly agreed "to schedule a time between themselves to exchange personalties between them." The judgment entry of divorce reflected this understanding by providing that "[t]he parties shall agree to a schedule for the exchange of personal property."
 {¶ 14} Because the parties were to schedule a time between themselves for the exchange of personal property, the trial court's order which permitted Rosa to enter the former marital home and garage to retrieve personal property was a modification to the terms of the property division. As discussed above, the trial court was without jurisdiction to issue such an order.[1] We find all remaining issues are moot. App.R. 12.
Judgment reversed.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., Concurs; Corrigan, A.J., Dissents.
 (See separate Dissenting Opinion.)
[1] We note that Juan's motion to vacate indicated that his counsel had faxed a letter to Rosa's counsel setting forth available dates for Rosa to retrieve her personal property. Should Juan fail to comply with the terms of the judgment entry of divorce, the proper remedy would be to file a motion to compel or motion for contempt. Such a post-judgment motion must be made directly on the party, rather than his attorney, in order to invoke the continuing jurisdiction of the court. Civ.R. 75(J); Civ.R. 4 to 4.6.