ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant Guyton Vance appeals from the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee Marie Vance's motion for division of property order. Finding no error in the proceedings below, we affirm.
 {¶ 3} The following facts give rise to this appeal. The parties were divorced in 1987. At that time, they entered into a separation agreement, which was incorporated into the divorce decree. The separation agreement divided all of their property, including Guyton's pension. The parties decided to divide the husband's pension as follows:
"The present value of said account as of September 20, 1986 is$24,180.41. The Wife shall be paid one-half (1/2) of 10/13th's ofsaid account's present value immediately upon and in conjunctionwith Husband's withdrawing or cashing in any or all of said fundsheld in said account after September 20, 1986."
 {¶ 4} In November 2002, Marie filed a motion asking the court to issue a division of property order, which was not available at the time of their divorce, with respect to Guyton's pension. The motion was filed upon the information and belief that Guyton was withdrawing funds from his Ohio Public Employees Retirement System's ("OPERS") account without notifying and paying Marie her interest therein.
 {¶ 5} The motion came for hearing before a magistrate on January 13, 2003, and written final arguments were filed by February 11, 2003. The issue before the trial court was whether Marie's interest in Guyton's OPERS was one-half of ten-thirteenths of the figure set forth in the separation agreement or one-half of ten-thirteenths of the present value of the account on September 20, 1986, whatever that sum might be. Both parties stipulated that the present value figure of $24,180.41 set forth in the separation agreement was incorrect. Guyton interpreted the provision to mean that Marie was entitled to one-half of tenthirteenths of said incorrect amount. Marie interpreted the provision to mean that she was entitled to one-half of tenthirteenths of the actual present value of Guyton's OPERS on September 20, 1986, whatever that amount might be.
 {¶ 6} The magistrate issued his decision including findings of fact and conclusions of law on February 26, 2004. The magistrate found that the language in the separation agreement was subject to two different interpretations and, therefore, was ambiguous. The magistrate agreed that the $24,180.41 figure was not controlling and determined that it was the intent of the parties to give Marie an amount equal to one-half of ten-thirteenths of the actual present value of Guyton's OPERS fund on September 20, 1986. Finally, the magistrate declined to decide whether a triggering event had occurred to entitle Marie to immediate distribution of her share of the funds and left that decision to the OPERS plan administrator to determine.
 {¶ 7} Objections to the magistrate's decision were filed by Guyton and overruled. A division of property order was issued and journalized on June 29, 2004.
 {¶ 8} Guyton timely appeals this decision of the court and advances three assignments of error for our review.
 {¶ 9} "I. The court erred in finding the separation agreement of the parties was ambiguous."
 {¶ 10} Guyton argues that the separation agreement was not ambiguous and therefore the trial court was without jurisdiction to modify the property division. Guyton insists that the parties agreed that the present value of his pension account was $24,180.41 at the time of their divorce and that amount would be divided when he retired, regardless of the fact that the figure was later discovered to be incorrect.[1]
 {¶ 11} Marie argues that it was her percentage of the pension that was negotiated at the time of the parties' divorce, which entitled her to one-half of ten-thirteenths of the actual present value of his account as of September 20, 1986, and the $24,180.41 figure was inconsequential to her.
 {¶ 12} "Pension and retirement benefits acquired by either spouse during the course of a marriage are marital assets that must be considered in arriving at an equitable division of marital property."Ricketts v. Ricketts (1996), 109 Ohio App.3d 746, 751, citing Biskerv. Bisker (1994), 69 Ohio St.3d 608, 609. A trial court has broad discretion when dividing marital property, including pension benefits. Id.
 {¶ 13} A domestic relations court may not modify a previous property division. Morell v. Morell, Cuyahoga App. No. 83851, 2004-Ohio-3478. R.C. 3105.171(I) specifically states that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." However, a trial court does have the power to clarify and construe its original property division so as to effectuate its judgment. Morell, supra.
 {¶ 14} The issue before us is whether the trial court modified the terms of the property division or clarified its original entry in order to effectuate its judgment. Here, there was ambiguity in the parties' agreement that required clarification. The clause that divided Guyton's pension could have been interpreted to mean that Marie would receive either one-half of ten-thirteenths of $24,180.41 or one-half of ten-thirteenths of the actual present value of Guyton's pension on September 20, 1986. The trial court acknowledged the two different interpretations and determined that the clause was ambiguous.
 {¶ 15} "[A] trial court may clarify disputed terms of a separation agreement as they relate to a division of such property. Where the disputed clause in the agreement is subject to more than one interpretation, that is, is ambiguous, the court has broad discretion in clarifying the ambiguous language by considering not only the intent of the parties but also the equities involved." Weller v. Weller (1996),115 Ohio App.3d 173, quoting In the Matter of: Avers v. O'Boyle (Sept. 23, 1994), Ottawa App. No. 93OT061. In this case, the trial court found that the intent of the parties was to transfer to Marie an amount equal to one-half of ten-thirteenths of the actual present value of Guyton's OPERS pension as of September 20, 1986. The court based its decision on several reasons, including: 1) the separation agreement referred to OPERS and the account number as a whole and not just Guyton's contribution; 2) the figure was merely a mistake, which did not affect the intent of the parties; 3) there was no separate provision allocating the employer's contribution; and 4) Guyton acknowledged that he would have agreed to whatever figure had been on the OPERS statement.
 {¶ 16} "An interpretative decision by the trial court cannot be disturbed upon appeal absent an abuse of discretion." Bond v. Bond
(1990), 69 Ohio App.3d 225, 228.
 {¶ 17} Finally, no transcript of the proceeding was submitted for our review. "Indeed, `where a transcript of the proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking steps required to have the transcript prepared for inclusion in the record. Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee.'" State exrel. Montgomery v. RD Chemical Company (1995), 72 Ohio St.3d 202. (Internal citations omitted.)
 {¶ 18} Accordingly, we must assume that the evidence presented at the hearing supported the trial court's conclusion that the original intent of the parties was to divide the actual present value of Guyton's pension as of September 20, 1986. Therefore, we cannot say that the trial court abused its discretion when it clarified the pension division clause.
 {¶ 19} Guyton's first assignment of error is overruled.
 {¶ 20} "II. The court erred in modifying one portion of the separation agreement on grounds of mutual mistake of fact."
 {¶ 21} Under the second assignment of error, Guyton argues that the magistrate suggested that the parties entered into the agreement based on a mutual mistake of fact regarding the pension amount. Consequently, he argues, the proper remedy is rescission, not modification.
 {¶ 22} The Supreme Court of Ohio has recognized that the "doctrine of mutual mistake" may be grounds for rescission of a contract if there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake.Reilley v. Richards (1994), 69 Ohio St.3d 352, 353. A mistake is material to a contract when it is a mistake as to a basic assumption on which the contract was made that has a material effect on the agreed exchange. Id. Thus, the intention of the parties must have been frustrated by the mutual mistake. Id.
 {¶ 23} First, as stated above, the trial court did not modify the agreement; it clarified it. Second, this court is not convinced, after reading the magistrate's decision, that the lower court determined there was a mutual mistake of fact as to a material part of the agreement. In fact, the magistrate's decision indicates that the line in the separation agreement at issue merely identifies and misstates the present value of Guyton's pension benefit. The trial court determined that the relevant and material phrase was the second phrase, which set forth the percentage of the pension that should be transferred to Marie. Therefore, the proper remedy was not rescission but rather clarification.
 {¶ 24} Guyton's second assignment of error is overruled.
 {¶ 25} "III. The court erred in failing to determine whether or not a triggering event for the payment of funds to wife had occurred."
 {¶ 26} Under this assignment of error, Guyton argues that the trial court erred by failing to determine whether Marie was immediately entitled to receive her share of Guyton's OPERS distribution. The magistrate found that Guyton was unemployed and was receiving disability pay. The magistrate determined that the OPERS plan administrator was better able to determine if a triggering event had occurred for the payment of Marie's interest. Marie argues that this was not an issue before the lower court and therefore it was proper for the court to defer to the plan administrator.
 {¶ 27} Effective January 1, 2002, the state legislature enacted R.C.3105.80 et seq., which established a procedure by which a court could order the administrator of a public retirement program to distribute benefits divided by a decree of divorce or dissolution directly to a nonparticipant ex-spouse. Such distribution would be made pursuant to a division of property order. Marie's motion requested the trial court to issue a division of property order. It did not request the court to determine whether Guyton's disability was a triggering event. Issues not before the trial court will not be reviewed by this court for the first time on appeal. See Western Reserve Acceptance v. Bishop (June 8, 1995), Cuyahoga App. No. 68082.
 {¶ 28} Guyton's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Sweeney, J., concur.
[1] Although both parties thought the $24,180.41 figure was the present value at that time, $24,180.41 was only the amount of Guyton's contribution and excluded the employer's contribution.