Kennedy, J.,
dissenting.
{¶ 43} The trial court did not deviate from a legal rule when it denied the unilateral offer of appellee, Stedmund Creech, to stipulate to the disability *552 element of one of the three charged counts of having a weapon while under disability on the basis that all three counts would merge for purposes of sentencing. Therefore, I dissent. I would reverse the judgment of the court of appeals and reinstate Creech’s convictions.
{¶ 44} The state charged Creech with one count of having a weapon while under disability pursuant to R.C. 2923.13(A)(2) and two counts of having a weapon while under disability pursuant to R.C. 2923.13(A)(3). On the day of trial, defense counsel addressed the trial court: “Obviously if [Creech is] convicted of all three [weapon-under-disability] offenses, they will merge for purposes of sentencing at that time, so I am willing to stipulate to a disability in any one of those counts and would ask that the State of Ohio be precluded from presenting evidence with regard to the other two * * (Emphasis added.) In response, the prosecutor argued that merger properly occurs at the time of sentencing. She cited prior precedent from the Seventh District Court of Appeals addressing the issue of allied offenses of similar import. See State v. Hancock, 7th Dist. Jefferson No. 09-JE-30, 2010-Ohio-4854, 2010 WL 3861635, ¶ 51-66.
{¶ 45} In addressing Creech’s unilateral stipulation offer, the trial court stated, “I don’t believe the State is required to elect at this point in time or to even accept a stipulation, and therefore, I’m going to go forward with the indictment with all the charges that were presented.” Ultimately, a jury convicted Creech of all three weapon charges under R.C. 2923.13(A).
{¶ 46} The above-quoted exchange between counsel and the court illustrates that Creech was making a unilateral offer to stipulate to the disability element of one count of having a weapon while under disability on the basis that if he were convicted on all three counts, they would merge for purposes of sentencing. At no time did Creech offer to stipulate to the disability element of all three counts.
{¶ 47} Creech’s assertion in the trial court that it could not impose separate sentences if he were convicted of all three weapon-under-disability offenses is correct. See R.C. 2941.25(A); State v. Ruff, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 24 (describing rule of merger of allied offenses of similar import). However, the rule of merger of allied offenses of similar import does not preclude the state from charging a defendant with multiple counts “for all such offenses” or from seeking and obtaining a finding of guilty “for all such offenses,” R.C. 2941.25. State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 17.
{¶ 48} In State v. Perry, a unanimous decision of this court, we established the process to properly review errors alleged to have occurred at trial. 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643. We concluded that prior to considering which standard of appellate review applies—harmless error pursuant to Crim.R. 52(A) or plain error pursuant to Crim.R. 52(B)—“our threshold inquiry is *553 [to determine] ‘whether there was an “error”—i.e., a “[deviation from a legal rule.” ’ ” Perry at ¶ 6, quoting State v. Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7, quoting United States v. Olano, 507 U.S. 725, 732-733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
{¶ 49} In applying that procedure in Perry, this court first reviewed the alleged error. Id. The appellant argued that the trial court erred by failing to maintain the written jury instructions “with the papers of the case” pursuant to R.C. 2945.10(G). Perry at ¶ 7. We determined that the trial court did, in fact, deviate from that legal rule by failing to preserve the written jury instructions. Id. at ¶ 8. We then proceeded to the second step of the analysis—to determine which standard of appellate review applied. Id. at ¶ 9-16.
{¶ 50} Creech argues that Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), required the prosecution to accept Creech’s unilateral stipulation offer. However, that characterization is inaccurate.
{¶ 51} Creech offered to stipulate to the disability element of only one count of having a weapon while under disability. Creech never agreed to stipulate to the disability element of all three counts of having a weapon while under disability. Therefore, Creech was attempting to preclude the state from seeking guilty verdicts on two of the weapon-under-disability counts charged in the indictment.
{¶ 52} A prosecutor has broad discretion in reaching plea agreements with a defendant. See Bordenkircher v. Hayes, 434 U.S. 357, 364-365, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). The state is not required to offer a defendant a plea bargain. State v. Hart, 8th Dist. Cuyahoga No. 84531, 2005-Ohio-107, 2005 WL 77054, ¶ 10, citing Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Therefore, the trial court did not deviate from a legal rule when it denied Creech’s unilateral offer to stipulate to the disability element of one count of having a weapon while under disability, and our analysis should end here.
{¶ 53} Even if the trial court did err, the second step of the Perry analysis would have to be considered—to determine the appropriate standard of appellate review pursuant to Crim.R. 52. Here, Creech did not ask the trial court to apply Old Chief; it was not until direct appeal that Creech first argued that Old Chief was applicable. At trial, Creech sought only to stipulate to the disability element of one count of having a weapon while under disability on the basis that all three counts would merge for purposes of sentencing if he were convicted. Therefore, the appropriate standard of review is the plain-error standard pursuant to Crim.R. 52(B).
{¶ 54} “Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.” Crim.R. 52(B). Under the plain-error standard, an alleged error is not a plain error unless the error clearly changed the outcome of the trial. State v. Hill, 92 Ohio St.3d 191, *554 203, 749 N.E.2d 274 (2001), citing State v. Long, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus. Moreover, the defendant bears the burden of demonstrating that the plain error affected a substantial right. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 14. “[A] reviewing court must ask * * * whether the alleged error substantially affected the outcome of the trial.” State v. Slagle, 65 Ohio St.3d 597, 604-605, 605 N.E.2d 916 (1992). It “must examine the error * * * in light of all of the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred.” Id. at 605.
Jane M. Hanlin, Jefferson County Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.
{¶ 55} The majority opinion “agree[s]” with the court of appeals’ determination that the purported error of not permitting Creech to stipulate to one disability element in one count of the indictment was not harmless. Majority opinion at ¶ 39.
{¶ 56} However, that is the wrong standard. Creech raised Old Chief for the first time in the court of appeals. Therefore, the proper standard of review was plain error, not harmless error.
{¶ 57} The trial court did not deviate from a legal rule when it denied Creech’s unilateral offer to stipulate to the disability element of one of the three charged counts of having a weapon while under disability on the basis that all three counts would merge for purposes of sentencing. Therefore, I dissent. I would reverse the judgment of the court of appeals and reinstate Creech’s convictions.